Johnson, J.
delivered the opinion of the Court.
If one, upon request, render services to another, or supply him with food, raiment, medicine, or other articles of value or use, without any express stipulation as to the price, the law raises an obligation to pay what these are reasonably worth, and no more. He therefore, who claims remuneration, is bound to show, what were the services rendered or the articles supplied, and their value.
The rule which admits the book entries of merchants, physicians, and others, tobe given in evidence, is founded in necessity. It is utterly impracticable to furnish evidence per testes, for all the minute details which make up the business of the merchant, and more especially of the physician; but the rule ought not to be extended beyond the necessity. Medicines have something like a fixed value; which can be ascertained from the kind and quantity. The usages of the medical profession have given to their professional services also, for the most part, a fixed value. And the value of both may be ascertained with a tolerable degree of certainty from description. This, the physician may furnish, and he is bound to do it, as the means of informing the judgment of a court and jury as to the value. Without it, he is the sole judge of the measure of his reward; and however safe that privilege might be in the hands of liberal and honorable men, it would be unsafe to confide so much to any class of men. The rules of the Medical Society of South-Carolina, by which regular physicians are generally governed, prescribe, as I am informed, specific rates as far as specification is practicable; and as far as my own intercourse with the profession extends, they are observed with great particularity. They owe it to themselves as the means of avoiding suspicions of extortion, to be thus particular ; and as it is alike necessary to protect the community from imposition, it ought to be rigidly exacted. The rule that medical charges must be specific, is distinctly laid down in the *451 ease of Hughes v. Hampton, 2 Treadw. 745, and has been invariably acted upon ever since.
One of the witnesses examined on the trial, states that his own habit was, to charge for medicines generally, without specifying kind or quantity. Between him and his patients the Court disclaims the right to interfere; but if he comes here, and is put upon his proof, he will be obliged to make out his case according to the settled rules of evidence. A new trial is therefore ordered.
Motion granted.